FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 02, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  -vs-<br><br>MARIO PATRICIO-CAZARES,<br><br>  Defendant. | No.   2:20-CR-0026-WFN-1<br><br>ORDER DISMISSING THE INDICTMENT WITH PREJUDICE |

A pretrial conference and motion hearing was held October 29, 2020. The Defendant, who is not in custody, was present and represented by Houston Goddard and assisted by Court-appointed interpreter Bea Rump; Assistant United States Attorney Michael Ellis represented the Government.

The parties presented argument on Defendant's First Motion to Dismiss Case. ECF No. 43. The Court indicated an inclination to grant the First Motion to Dismiss so declined to hear argument on the Second Motion to Dismiss. Upon further reflection and review of the briefing, the Court grants Defendant's First Motion to Dismiss Case. The facts are not in dispute. Immigration and Customs Enforcement [ICE] served a Notice to Appear on Defendant that specified that the date and time would be set at a later date. The parties also agree that Defendant *never* received notice of the date and time of the removal hearing.

The parties agree that the Motion hinges on whether provisions pertaining to notice in the regulation, § 1003.14, entitled "Jurisdiction and commencement of proceedings" must be met to confer jurisdiction on the Immigration Court. The Government argues that despite the clear language of the regulation that when the regulation says "jurisdiction" it really means "claim-processing rule." The Court disagrees. The plain language of the regulation

and an interpretive BIA decision refer to jurisdiction. "[A] notice to appear that does not specify the time and place of an alien's initial removal hearing vests an Immigration Judge with jurisdiction over the removal proceedings . . . *so long as* a notice of hearing specifying this information is later sent to the alien," *Karingithi v. Whitaker,* 913 F.3d 1158 (2019) (citing *Matter of Bermudez-Cota*, 27 I. & N. Dec. 441 (BIA 2018) (emphasis added). Though the Government is technically correct that the Ninth Circuit has not specifically addressed whether or not notifying an alien of the time and place of their hearing is a jurisdictional issue or not, the Ninth Circuit has repeatedly noted in each of the cases considered that the alien had received actual, often repeated, notice of the time, date, and place of the removal hearing. Providing the hearing information after the initial service of a Notice to Appear "cures" an incomplete Notice to Appear vesting jurisdiction on the immigration court. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (Ninth Cir. 2020).

The Court decides this case based on the conclusion that jurisdiction had not vested with the immigration court because the incomplete Notice to Appear was never cured with further direction regarding the time and date of the hearing. However, the Court notes that failure to provide notice of when a hearing is to occur is a flagrant violation of due process. Notifying a party regarding the time and date of a hearing that substantially affects their rights is a minimum requirement of due process. Failure to provide such notice hinders the alien's ability to secure counsel, learn of their legal rights and defenses, and otherwise adequately defend their position in court.

The Court has reviewed the file and Motions and is fully informed. This Order is entered to memorialize and supplement the oral rulings of the Court. Accordingly,

**IT IS ORDERED** that:

1. Defendant's First Motion to Dismiss, filed October 2, 2020, **ECF No. 43**, is **GRANTED**.

2. The Indictment is **DISMISSED with prejudice**.

3. Defendant's Second Motion to Dismiss, filed October 2, 2020, **ECF No. 44**, is **DENIED AS MOOT**.

ORDER - 2

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 2nd day of November, 2020.

10-29-20

                                              _____
                                                     WM. FREMMING NIELSEN
                                              SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3