FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 02, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | ) | No.   2:20-CR-0026-WFN-1 |
|---|---|---|
| Plaintiff, | ) | |
| -vs- | ) | ORDER |
| MARIO PATRICIO-CAZARES, | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant's Second Motion to Dismiss Case. ECF No. 44. A hearing on the motion and a pretrial conference were held on February 22, 2023. The Defendant, who is not in custody, was present and represented by Carter Powers Beggs and Stephen Roberts, Jr., and assisted by Court-appointed interpreter Bea Rump; Assistant United States Attorney Michael Ellis represented the Government.

Mr. Patricio-Cazares was indicted for being found in the United States after removal. ECF No. 17. He moves to dismiss the indictment under 8 U.S.C. § 1326(d), arguing the removal order is invalid because the Immigration Judge did not give him an opportunity to apply for voluntary departure at the removal hearing. ECF No. 44 at 7–9. Instead, the Immigration Judge summarily denied voluntary departure without developing the record and weighing Mr. Patricio-Cazares's positive and negative equities. *Id.* The Motion is denied for the reasons explained below.

To collaterally attack his removal order, Mr. Patricio-Cazares must show that

(1) [he] exhausted any administrative remedies that may have been available to seek relief against the order;

(2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and

(3) the entry of the order was fundamentally unfair.

ORDER - 1

8 U.S.C. § 1326(d).

Ninth Circuit precedent previously excused defendants from satisfying requirements (1) and (2) if the removal order violated their due process rights and they suffered prejudice as a result. *See United States v. Cisneros-Rodriguez*, 813 F.3d 748, 756 (9th Cir. 2015). But the Supreme Court recently decided that "[t]he Ninth Circuit's interpretation is incompatible with the text of § 1326(d)" and that all three of § 1326(d)'s requirements are mandatory. *United States v. Palomar-Santiago*, 141 S. Ct. 1615, 1620 (2021).

**1. Mr. Patricio-Cazares did not exhaust available administrative remedies.**

The Government argues the Motion should be denied because Mr. Patricio-Cazares failed to exhaust administrative remedies. ECF No. 72 at 2–9. The Court agrees.

Mr. Patricio-Cazares concedes he did not pursue administrative remedies but argues he was not required to do so. ECF No. 73 at 3–6. According to Mr. Patricio-Cazares, *Palomar-Santiago* only overturned Ninth Circuit precedent that excused defendants from the first two prongs of § 1326(d) when they were removed for an offense that did not actually make them removable. *Id.* The Supreme Court did not, the argument goes, disturb Ninth Circuit precedent excusing defendants from the first two prongs of § 1326(d) in other circumstances. *Id.*

Mr. Patricio-Cazares asks the Court to read *Palomar-Santiago* too narrowly. The Supreme Court "h[e]ld[] that each of the statutory requirements of § 1326(d) is mandatory," *Palomar-Santiago*, 141 S. Ct. at 1622, and said that courts cannot excuse mandatory requirements imposed by statute, *see id.* at 1621. True, the Court did not say directly that the Ninth Circuit's exhaustion-excusal rules are all invalid. But "the issues decided by the higher court need not be identical . . . to be controlling. Rather, the relevant court of last resort must have undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003). The Supreme Court's decision that the statutory requirements of § 1326(d) are mandatory—and cannot be excused—is clearly irreconcilable with previous Ninth Circuit rules excusing defendants from § 1326(d)'s requirements in some

ORDER - 2

circumstances. Therefore, Mr. Patricio-Cazares cannot be excused from § 1326(d)'s first two requirements.

Mr. Patricio-Cazares also argues he exhausted the administrative remedies that were actually available. ECF Nos. 71 at 6–7, 73 at 4–5. He claims administrative remedies were not available to him as a practical matter because he was never informed that he was eligible for voluntary departure, and because administrative remedies were not practically available, there was nothing to exhaust. *Id.*

This argument too is foreclosed by *Palomar-Santiago*. There, the defendant argued administrative remedies were not practically available to him because he was wrongly advised that his prior conviction made him removable, and he could not have been expected to know this was incorrect. *Palomar-Santiago*, 141 S. Ct. at 1621. The Supreme Court rejected the argument, noting that "[t]he immigration judge's error on the merits does not excuse the noncitizen's failure to comply with a mandatory exhaustion requirement if further administrative review, and then judicial review if necessary, could fix that very error." *Id.* Because the Immigration Judge's error has no bearing on the actual availability of administrative remedies, the Court rejects Mr. Patricio-Cazares's argument.

Mr. Patricio-Cazares argues the holding of *United States v. Mendoza-Lopez*, 481 U.S. 828 (1987), supports his position. ECF Nos. 71 at 6–7, 73 at 2–4. There, the Court determined the defendants had been deprived of judicial review because their appeal waivers were not considered or intelligent. *Mendoza-Lopez*, 481 U.S. at 840. So, Mr. Patricio-Cazares argues, defendants automatically satisfy the first two requirements of § 1326(d) if they were not properly advised of available administrative remedies. *See* ECF Nos. 71 at 6-7, 73 at 2–4. But *Mendoza-Lopez* does not address § 1326(d)'s exhaustion requirement because the decision predates § 1326(d). The Supreme Court decided in *Mendoza-Lopez* that defendants must have an opportunity to challenge the validity of their removal order before that order can be the basis for criminal sanctions. *Mendoza-Lopez*, 481 U.S. at 837–39. The Court did not decide that Congress could never require defendants to exhaust administrative remedies first.

ORDER - 3

Finally, Mr. Patricio-Cazares argues that existing Ninth Circuit precedent survives *Palomar-Santiago* because it does not actually "excuse" defendants from § 1326(d)'s first two requirements, but instead deems them to have been satisfied in some circumstances. The Court rejects this characterization. First, the Ninth Circuit itself described its precedent as "excusing" compliance with § 1326(d)(1) and § 1326(d)(2). *See, e.g.*, *United States v. Vidal-Mendoza*, 705 F.3d 1012, 1015 (9th Cir. 2013) ("[W]e excuse the alien from demonstrating '. . . exhaust[ion].'"). Second, and more importantly, the Court cannot put form over function to avoid binding precedent. Whether § 1326(d)(1) and § 1326(d)(2) are "excused" or "deemed satisfied," the result is the same. And the Supreme Court has already decided that actual compliance is mandatory. *See Palomar-Santiago*, 141 S. Ct. at 1622.

Because Mr. Patricio-Cazares did not exhaust available administrative remedies, the Motion is denied.

**2. Mr. Patricio-Cazares was not improperly deprived of judicial review.**

Mr. Patricio-Cazares argues that he meets the second requirement of § 1326(d) for the same reasons he meets the first: he was not given the opportunity to apply for voluntary departure. The Court rejects the argument for the same reasons. Under *Palomar-Santiago*, compliance with § 1326(d)(2) is mandatory and cannot be excused. Because Mr. Patricio-Cazares was not improperly deprived of judicial review, the Motion is denied.

**3. The entry of the removal order was not fundamentally unfair.**

A removal order is fundamentally unfair if it was entered in violation of the defendant's due process rights and the defendant was prejudiced as a result. *United States v. Arias-Ordonez*, 597 F.3d 972, 976 (9th Cir. 2010).

The Government concedes Mr. Patricio-Cazares's due process rights were violated when he was not given the opportunity to apply for voluntary departure but argues that Mr. Patricio-Cazares was not prejudiced by the violation. ECF No. 47 at 4–8. The Court agrees.

A defendant who was denied the opportunity to apply for voluntary departure was prejudiced if it is plausible that the Immigration Judge would have granted voluntary

ORDER - 4

departure had she considered "the positive and negative factors . . . relevant to" the decision. *United States v. Gonzalez-Flores*, 804 F.3d 920, 927 (9th Cir. 2015).

Because substantial factors weighed against voluntary departure, it is not plausible that the Immigration Judge would have granted it. At the time of Mr. Patricio-Cazares's removal hearing, he had already been caught attempting to reenter the United States illegally at least three times after being granted voluntary return in 2008. ECF No. 47-2. He had also been convicted of fourth degree assault once, ECF No. 47-3, and driving under the influence three times, ECF Nos. 47-4, 47-5, 47-6. "[D]riving under the influence is a serious negative factor." *United States v. Rojas-Pedroza*, 716 F.3d 1253, 1265 (9th Cir. 2013). Because Mr. Patricio-Cazares's significant negative factors outweigh the positive equities of his employment history and family ties, it is not plausible that the Immigration Judge would have granted him voluntary departure. *See id.*

Mr. Patricio-Cazares argues that the Court should not now consider his assault conviction or two of his DUI convictions because the Immigration Judge did not consider them. But considering factors that were not presented to the Immigration Judge is exactly what Mr. Patricio-Cazares himself is asking the Court to do. If it is fair to consider positive equities that were never presented to the Immigration Judge, then it is also fair to consider negative equities that were never presented to the Immigration Judge. Besides, that is what precedent appears to require. *See Gonzalez-Flores*, 804 F.3d at 927 (explaining that courts should "consider the positive and negative factors an IJ would consider relevant to an exercise of discretion").

Because entry of the removal order was not fundamentally unfair, the Motion is denied.

This Order is entered to memorialize and supplement the oral rulings of the Court. Accordingly,

**IT IS ORDERED** that:

1. Defendant's Second Motion to Dismiss Case, filed October 2, 2020, **ECF No. 44**, is **DENIED**.

ORDER - 5

2. The change of plea hearing set for **March 8, 2023,** at **11:00 a.m.** in **Spokane, Washington** is **CONFIRMED**.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 2nd day of March, 2023.

02-27-23

*[signature]*

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 6